UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERI KEALOHA SAHM, <br><br>              Plaintiff, <br><br>        v. <br><br> TERI KEALOHA SAHM, *et al.*, <br><br>              Defendants. | CASE NO. C22-0501-LK <br><br> ORDER TO SHOW CAUSE |

    This matter comes before the Court on *pro se* Plaintiff Teri Kealoha Sahm's complaint, Dkt. No. 1. She has sued Teri Kealoha Sahm, Teri K. Sahm, and Teri Sahm. *Id.* at 1.

    The one-page complaint is difficult to decipher. Among its allegations, Ms. Sahm states, "I wish for the issue of unlawful conversion of my Names/Names to be heard in full," and "I claim my sole relief and remedy for any presumption that I am a Municipal Citizen under Title 50 2012." *Id.*

    Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

ORDER TO SHOW CAUSE - 1

377 (1994). For that reason, "[i]f the court determines at any time that it lacks subject-matter jurisdiction" over a case, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). Ms. Sahm has not met that burden. The complaint, even when liberally construed, fails to identify any basis for the Court's jurisdiction. In addition, the complaint fails to state a claim upon which relief can be granted by a federal court. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Accordingly, Ms. Sahm is ORDERED TO SHOW CAUSE why the complaint should not be dismissed for lack of subject matter jurisdiction and for failure to state a claim. Ms. Sahm shall, within thirty (30) days of the date of this Order, file an amended complaint that identifies the basis for the Court's subject matter jurisdiction and provides a short and plain statement of the factual basis for each of the claims as required by Federal Rule of Civil Procedure 8. Ms. Sahm is advised that an amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Ms. Sahm believes support each claim, and the specific relief requested. If a proper amended complaint is not filed within thirty (30) days of the date of this Order, this action will be dismissed without prejudice.

The Clerk is directed to place this Order on the Court's calendar for July 15, 2022.

Dated this 9th day of June, 2022.

Lauren King
United States District Judge