UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERI KEALOHA SAHM,

Plaintiff,

v.

TERI KEALOHA SAHM, *et al.*,

Defendants.

CASE NO. C22-0501-LK

ORDER DISMISSING COMPLAINT AND DENYING MOTION TO COMPEL

This matter comes before the Court on pro se Plaintiff Teri Kealoha Sahm's complaint, Dkt. No. 1. She has sued Teri Kealoha Sahm, Teri K. Sahm, and Teri Sahm. *Id.* at 1.

By order dated June 9, 2022, the Court ordered Ms. Sahm to (1) show cause why her complaint should not be dismissed for lack of jurisdiction, and (2) file an amended complaint that identifies the basis for the Court's subject matter jurisdiction and provides a short and plain statement of the factual basis for each of the claims as required by Federal Rule of Civil Procedure 8. Dkt. No. 6. The order stated, "If a proper amended complaint is not filed within thirty (30) days of the date of this Order, this action will be dismissed without prejudice." *Id.* at 2.

Despite that admonition, Ms. Sahm has not filed an amended complaint. And while she has filed responses to the order to show cause, Dkt. Nos. 8, 9, and numerous other documents, Dkt. Nos. 7, 10–21, none of those documents demonstrates that this Court has subject matter jurisdiction over this matter.

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For that reason, "[i]f the court determines at any time that it lacks subject-matter jurisdiction" over a case, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). Ms. Sahm has not met that burden. The complaint, even when liberally construed, fails to identify any basis for the Court's jurisdiction. In addition, the complaint fails to state a claim upon which relief can be granted by a federal court. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Because Ms. Sahm has not filed a complaint that states a claim or demonstrates this Court's subject matter jurisdiction, her complaint is dismissed without prejudice. Ms. Sahm's "notice of expedited motion to compel review of evidence, emergency relief injunction, claims for damage and settlement of accounts," Dkt. No. 21, is denied. Ms. Sahm is not entitled to an injunction or any other relief because her complaint is deficient. *See, e.g.*, *Padayachi v. Indymac Bank*, No. C09-5545-JF, 2010 WL 1460309, at *7 (N.D. Cal. Apr. 9, 2010).

The Clerk is directed to send uncertified copies of this Order to Ms. Sahm at her last known address.

Dated this 6th day of October, 2022.

Lauren King
United States District Judge